IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN F. BREWSTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00536-O-BP |
| § | |
| AMERICAN MENSA LTD., et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Rules 12(b)(1), 12(b)(3), and 12(b)(6) Motion to Dismiss and, in the alternative, Rule 12(e) Motion for a More Definitive Statement and Brief in Support (ECF No. 12) filed August 27, 2018; Plaintiff's Opposition to Motion to Dismiss (ECF No. 14) and Brief in Support of Opposi[t]ion (ECF No. 15) filed September 17, 2018; and Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss (ECF No. 16) filed September 26, 2018. Additionally, Plaintiff filed two substantially similar Motions for Judgment on the Pleadings, or in the alternative, Motion to Compel Discovery (ECF Nos. 17 and 18) on October 9, 2018. Defendants filed their Response to Plaintiff's Motion for Judgment on the Pleadings and Response to Plaintiff's Motion to Compel (ECF No. 19) on October 15, 2018. These motions are ripe for a ruling.

United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by order entered on August 15, 2018. (ECF No. 11). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' 12(b)(1) and 12(b)(6) Motion, **DISMISS** this action without prejudice, and **DENY** Plaintiff's Motions for Judgment on the Pleadings as moot.

**BACKGROUND**

Plaintiff Steven F. Brewster (Brewster), proceeding *pro se*, filed this suit against American Mensa, Ltd. (American), Bluegrass Mensa (Bluegrass), and Kentuckiana Mensa (Kentuckiana) on July 2, 2018 alleging numerous claims against Defendants including constitutional, criminal, tort, and breach of contract claims. (ECF No. 1). Brewster alleges that his membership in the local Mensa organization was improperly moved from Bluegrass to Kentuckiana without his knowledge and that his subsequent removal as an officer and Gifted Children's Coordinator for Bluegrass, due to the lapse of his membership, was improper. Brewster's primary contention is that his right to freely associate with other members of Mensa was denied several times by Bluegrass and by American between September 2016 and July 2017. (*Id.* at 4–5). Brewster seeks damages in the amount of ten million dollars. (*Id.* at 113–14).

**LEGAL STANDARD**

**A.    Rule 12(b)(1) Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A dismissal under Rule 12(b)(1) is without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In a Rule 12(b)(1) context, when judicial notice is taken before notifying a party, the court should normally allow a party an opportunity to be heard after a request is made. *See* Fed. R. Evid. 201(e). But taking judicial notice is not alone improper when circumstances either provided a party notice in its motion or when a party has otherwise had an opportunity to be heard. *See, e.g.*, *In re Eckstein Marine Serv., L.L.C.*, 672 F.3d 310, 316 (5th Cir. 2012) (holding that defendant's pleadings gave adequate notice to plaintiff that defendant was challenging the district court's jurisdiction under Rule 12(b)(1)); *see also Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 423 (5th Cir. 2013) (citing *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) (noting that Rule 201(e) "does not require 'under all circumstances, a formal hearing'" and finding no error because the plaintiff had an opportunity to be heard on the issue of the court's

taking judicial notice by filing objections to the magistrate judge's report and recommendations) (quotations omitted)).

**B.      Rule 12(b)(6) Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

## ANALYSIS

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. A party seeking to invoke diversity jurisdiction has the burden to show that it exists. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Because subject matter jurisdiction is lacking over Brewster's claims, excluding his § 1981 claim, the Court should dismiss those claims without prejudice.

Specific to diversity of citizenship, Defendants' 12(b)(1) motion referenced Brewster's earlier filed complaint in this district. In that proceeding, the Court evaluated diversity jurisdiction concerning the same parties and noted that the parties were not completely diverse because several of the defendants appeared to be citizens of the state of Kentucky. *See Brewster v. American MENSA Ltd.*, Cause No. 4:16-CV-995-Y (N.D. Tex. Feb. 16, 2017) (ECF No. 16) (Means, J.). Indeed, in his response, Brewster abandons diversity of citizenship as a basis for the Court's jurisdiction against American. (ECF No. 14 at 5). Further, under the "Jurisdiction" heading of his complaint, Brewster has made no allegations asserting diversity jurisdiction. Thus, Brewster has failed to show that the parties are completely diverse. Accordingly, because there is no basis alleged invoking diversity jurisdiction, state-law claims, such as Brewster's tort and breach of contract claims, do not provide an independent basis for the Court to exercise its jurisdiction. 28 U.S.C. § 1332.

Brewster has likewise failed to allege a basis for federal question jurisdiction. His primary allegation is that the Defendants denied him his right to freely associate with other Bluegrass members. (ECF No. 1 at 4–5). He thus seeks to plead a First Amendment claim against Defendants. Section 1983 provides a civil remedy for the violation of an individual's constitutional rights. 42 U.S.C. § 1983. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). "Mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005)

(quotation and alterations omitted). To act under color of state law, the private actor's conduct that resulted in an alleged violation of a constitutional right must be fairly attributable to the State. Here, even assuming Brewster has alleged enough facts to assert a § 1983 claim, he has failed to allege how the Defendants' actions are attributable to any state. Accordingly, Brewster has failed to allege a cognizable § 1983 claim.

Brewster also alleges that Defendants violated crimes under 18 U.S.C. §§ 1341, 1343, 1346, and 1349, but these statutes do no confer federal question jurisdiction in this case. First, "vague references to various federal statutes . . . are insufficient to support the existence of federal question jurisdiction." *Deutsche Bank Nat'l Trust v. Broussard*, No. 3:13–CV–1400, 2013 WL 3185919 at *2 (N.D. Tex. 2013). Second, there is no right to bring a private cause of action for violations of federal criminal statutes. *Pierre v. Guidry*, 75 F. App'x 300 (5th Cir. 2003); *see also Avdeef v. Rockline Indus., Inc.*, No. 4:12-CV-879-Y, 2013 WL 12099295, at *2 (N.D. Tex. Apr. 4, 2013). Thus, the Court cannot assert federal question jurisdiction based upon these criminal statutes.

Brewster alleges further that Defendants discriminated against him based upon his age, disability, and race. (ECF No. 1 at 55–57). However, he does not cite to any statutory basis for his discrimination claims. In his response to Defendants' Motion, Brewster voluntarily waived his age and disability discrimination claims against Defendants. (ECF No. 14 at 8–9) ("Plaintiff will agree with counsel that he cannot substantiate claims of age or disability."). Accordingly, the undersigned recommends that those claims be dismissed. What remains is a reverse discrimination claim.

To succeed on a § 1981 discrimination claim, a plaintiff must establish: "(1) they are members of a racial minority; (2) [d]efendants intended to discriminate on the basis of race; and

(3) the discrimination concern[s] one or more of the activities enumerated in [§ 1981]." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). While Brewster is not a racial minority, the Supreme Court has held that § 1981 will support a claim of reverse discrimination. *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988) (citing *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 295–96 (1976)).

Brewster alleges that because he is a "white male" and Bluegrass seeks to "embrac[e] diversity and multiculturalism," Bluegrass removed him as an officer and replaced him with another person who is "believed to be of middle-eastern origin[.]" (ECF No. 1 at 56–57). These allegations, even if taken as true, fail to state a claim under Rule 12(b)(6). First, Brewster fails to adequately allege the intent element under § 1981 because he has not alleged how Defendants purposefully treated him differently from similarly situated individuals who are not white. *See Taiyeb v. Farmer Ins. Grp.*, No. 4:01-CV-0103-E, 2001 WL 1478798, at *2 (N.D. Tex. Nov. 19, 2001) (concluding allegations that other similarly situated individuals of a different race were treated differently satisfies Rule 12(b)(6)). Brewster only alleges actions related to him and none other. Further, the allegations that Bluegrass seeks to embrace diversity and multiculturalism are conclusory and without any factual support. As to the third element, Brewster fails to allege any facts to establish that the Bluegrass' alleged reverse discrimination concerns any of the enumerated activities under § 1981. Accordingly, Brewster has failed to state a claim under § 1981.

In the absence of proper allegations invoking diversity of citizenship or federal question jurisdiction, Brewster's complaint should be dismissed without prejudice, and his motions for judgment on the pleadings should be denied as moot.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor

**GRANT** Defendants' 12(b)(1) and 12(b)(6) Motion (ECF No. 12), **DISMISS** this action without prejudice, and **DENY** Plaintiff's Motions for Judgment on the Pleadings (ECF Nos. 17 and 18) as moot.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed October 29, 2018.

*(signature)*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE